UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, JUDGE

---

| | |
|---|---|
| HYAXIOM, INC., F/K/A DOOSAN FUEL CELL AMERICA, INC., | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :     Court No. 21-00057 <br> : |
| UNITED STATES OF AMERICA; <br> U.S. CUSTOMS & BORDER PROTECTION; <br> TROY A. MILLER, <br> PERFORMING THE DUTIES OF THE <br> COMMISSIONER, | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

---

**PLAINTIFF HYAXIOM, INC.'S PARTIAL OPPOSITION TO
THE THIRD MOTION TO AMEND SCHEDULING ORDER**

Plaintiff HyAxiom, Inc., f/k/a Doosan Fuel Cell America, Inc. ("HyAxiom"), by and through undersigned counsel, and pursuant to U.S. Court of International Trade ("USCIT") Rule 7(d), respectfully opposes only the further extension of the expert rebuttal report deadline in Defendants' Motion to Amend the Scheduling Order (ECF No. 30).[1]  Although Defendants have had more than four months to respond to HyAxiom's December 10, 2021 Expert Report – which is more than seventy (70) days beyond the period of time originally agreed to by the parties as reflected in the Court's September 8, 2021 Scheduling Order (ECF No. 23) – Defendants have again asked to extend this deadline by another sixty (60) days, effectively putting on pause HyAxiom's ability to complete its discovery.  Although HyAxiom produced its Expert Report on

---

[1] HyAxiom does not oppose the Defendants' request to extend the deadlines for (1) fact discovery, (2) expert discovery, (3) any motions regarding discovery, (4) dispositive motions, and (5) if no dispositive motions are filed, a request for trial.  This Partial Opposition is limited to only the request for an extension of the expert rebuttal report deadline.

December 10, 2021, and fully responded to Defendants' written discovery requests and completed its document production by February 28, 2022, Defendants have not yet decided whether they intend to respond to HyAxiom's Expert Report, let alone retained a rebuttal expert. Accordingly, as set forth in greater detail below, because there is no good cause to again extend the expert rebuttal report deadline, Defendants should not be afforded any further extensions of this deadline.

## PROCEDURAL BACKGROUND

The Court issued its original Scheduling Order on July 20, 2021.  ECF No. 19.  HyAxiom filed a Consent Motion to amend the Scheduling Order on September 8, 2021 to include deadlines for expert reports and expert rebuttal reports (which were not included in the original Scheduling Order).  ECF No. 22.  The Consent Motion was granted, and an Amended Scheduling Order was issued on September 8, 2021.  ECF No. 23.

The original deadline for the exchange of expert reports was December 10, 2021, and the original deadline for the exchange of rebuttal expert reports was January 28, 2022.  *Id*.  HyAxiom met the original deadline for its Expert Report, timely serving Defendants with its Expert Report on December 10, 2021.

Defendants filed a Consent Motion to Amend the Scheduling Order on January 12, 2022, seeking a 90-day extension of the deadlines.  ECF No. 24.  Pursuant to the Order granting Defendants' January 12, 2022 motion, Defendants' deadline for serving its expert rebuttal report is April 28, 2022.  ECF No. 25.

## ARGUMENT

Despite being in possession of HyAxiom's expert report for over four months, Defendants have requested an additional sixty (60) days to consider whether they want to retain a

rebuttal expert and serve an expert rebuttal report. If Defendants' request is granted, Defendants' expert rebuttal report would be due more than six months after HyAxiom served its Expert Report on December 10, 2021. This is more than four times the amount of time that was contemplated under the original January 28, 2022 deadline that was agreed to by the parties.

There is no good cause to again extend the deadline for Defendants to serve an expert rebuttal report. USCIT R. 6(b)(1); USCIT R. 16(b)(4). "Under the good cause standard…, the court's primary consideration is whether the moving party can demonstrate diligence." *United States v. Horizon Products Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (Ct. Int'l Trade 2014); *accord*. *Albright as Next Fried of Doe v. Mountain Home School Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (noting that "'[t]he primary measure of good cause is the movant's diligence' in attempting to meet deadlines" and affirming district court's denials of motions for extensions prior to filing deadline where movant did not provide evidence of any diligent efforts to meet original deadline) (citation omitted).[2]

Here, Defendants have not been diligent in meeting the deadline for expert rebuttal reports. Specifically, despite having already received a 90-day extension and having had HyAxiom's Expert Report for over four months, Defendants have not yet decided whether they intend to retain an expert, let alone taken any steps to begin having an expert prepare a rebuttal report. Mot. at 2. Nor does Defendants' general assertion of requiring additional time to make this decision (*see id.*) establish the requisite showing of good cause. *See Mondiv, Div. of*

---

[2] Decisions interpreting the analogous Federal Rules of Civil Procedure provide guidance on the interpretation of the USCIT Rules. *See, e.g.*, *United States v. Maverick Marketing, LLC*, 427 F. Supp. 3d 1386, 1397 n.13 (Ct. Int'l Trade 2020).

*Lassonde Specialties Inc. v. United States*, 219 F. Supp. 3d 1364, 1365 (Ct. Int'l Trade 2017) ("[A] general assertion of a busy schedule does not satisfy the good cause standard.").

If an extension of the expert rebuttal report deadline is granted, HyAxiom would be prejudiced by having to rearrange its litigation strategy, including postponing depositions for another sixty (60) days based on the mere possibility that Defendants might retain an expert and might produce a rebuttal report. One of the central purposes for having a Rule 16(b) scheduling order is to eliminate such unknowns so that the Court and the parties may plan for discovery in a reasonable manner. *See Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) ("The purpose of a scheduling order is to allow the…court to control and expedite pretrial discovery matters."). Defendants' inability to move forward on deciding whether and when they will produce an expert rebuttal report defeats that purpose, thereby prejudicing HyAxiom. HyAxiom is prepared to proceed with its depositions of Defendants, but cannot do so until after it has the opportunity to assess any rebuttal expert report served by Defendants.

## CONCLUSION

Accordingly, for the reasons set forth above, because Defendants have not demonstrated good cause to extend the deadline to serve any expert rebuttal report, HyAxiom respectfully requests that the request to extend this one deadline in Defendants' Motion to Amend the Scheduling Order be denied.

-5-

                                                                               Respectfully submitted,

/s/ *Christopher M. Loveland*
Christopher M. Loveland
SHEPPARD, MULLIN, RICHTER &
 HAMPTON LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C. 20006-6801
Telephone: 202.747.1900
Dated: April 20, 2022                 Facsimile: 202.747.1901

*Attorneys for Plaintiff HyAxiom, Inc., f/k/a Doosan Fuel Cell America, Inc.*